# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| WILLIAM PATRICK MCADORY, ) | |
| ) | Case No. 3:25-cv-318 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Jill E. McCook |
| UNITED STATES OF AMERICA, ) | |
| KNOX COUNTY DETENTION ) | |
| FACILITY, and OFFICER PITTMAN, ) | |
| ) | |
| *Defendants*. | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner incarcerated at the Roger D. Wilson Detention Facility, filed a complaint under 42 U.S.C. §1983 [Doc. 2; *see also* Doc. 9] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion and **DISMISSES** this action for failure to state a claim.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's inmate trust account transaction history demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum [*See* Doc. 7]. Accordingly, pursuant to 28 U.S.C. § 1915, the Court will **GRANT** Plaintiff's motion [Doc. 1].

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent of Plaintiff's preceding monthly income (or income

credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars, until the full filing fee of three hundred fifty dollars has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a). To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     SCREENING OF COMPLAINT

   A.     Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible

claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

B. **Plaintiff's Allegations**

Officer Pittman was picking up trays in Unit 6C at around 4:30 p.m. on June 13, 2025, at the Knox County Detention Facility [Doc. 2 p. 3–4]. Plaintiff needed toilet paper, so he stuck his empty toilet paper rolls out of the tray slot "to show the video that [he] did not have any toilet paper" [*Id.* at 4]. Officer "Pittman used his feet to try to close the tray slot while [Plaintiff's] hand was showing the empty toilet paper rolls" [*Id.*]. Plaintiff had "wrote him up" [sic] a few days prior for failing to give Plaintiff toilet paper, and Officer Pittman failed to give Plaintiff toilet paper again "on this date" [*Id.*]. Aggrieved, Plaintiff filed the instant suit against the United States of America, the Knox County Detention Facility, and Officer Pittman, seeking $300,000 in damages [*Id.* at 5].

C. **Analysis**

Plaintiff does not disclose his custodial status in his complaint, but he is not listed as an active State prisoner.[1] Therefore, the Court will assume for screening purposes that Plaintiff is a

---

[1] Plaintiff is listed as an "inactive" inmate by the Tennessee Department of Correction's publicly available database. *See* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/search.jsp (last visited Aug. 11, 2025); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

3

pretrial detainee, and that the greater protections of the Fourteenth Amendment apply to his claims. *See Lawler as next friend of Lawler v. Hardeman Cnty.,* 93 F.4th 919, 926 (6th Cir. 2024) (noting pretrial detainee's constitutional protections originate from the Due Process Clause); *see also Love v. Franklin Cnty.*, 376 F. Supp. 3d 740, 745 (E.D. Ky. 2019) (finding "the Fourteenth Amendment affords pretrial detainees greater protections than those afforded to convicted prisoners by the Eighth Amendment" (citations omitted)).

### 1. United States of America

Plaintiff does not advance any facts to indicate why he sued the United States of America. Nevertheless, the United States cannot be sued without its consent. *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The United States cannot be sued at all without the consent of Congress."). And that waiver must be unequivocally expressed. *United States v. Testan*, 424 U.S. 392, 399 (1976). Therefore, sovereign immunity precludes this action against the United States of America, and this Defendant will be **DISMISSED**.[2]

### 2. Knox County Detention Facility

Plaintiff cannot sustain this action against the Knox County Detention Facility, as it is a building, not a "person" within the meaning of § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail

---

[2] The Court notes that the United States has given limited consent to be sued in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), but any FTCA action must be grounded in state, not federal, law. *See, e.g., Brown v. United States*, 653 F.2d 196, 198–202 (5th Cir. 1981).

facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Knox County Detention Facility will be **DISMISSED**.

### 3. Officer Pittman

#### a) Official-Capacity Claim

To the extent Plaintiff seeks to recover damages against Officer Pittman in his official capacity, he is seeking those damages directly from Officer Pittman's employer, Knox County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But to state a claim against Knox County, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of an unconstitutional County policy or custom. *See Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). To do so, "[P]laintiff must identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and internal quotation marks omitted).

Here, Plaintiff has not alleged any facts from which the Court could plausibly infer that a custom or policy attributable to Knox County caused him any injury. Therefore, any official-capacity claim against Officer Pittman will be **DISMISSED**.

#### b) Individual-Capacity Claim

To state a claim against Officer Pittman in his individual capacity, Plaintiff must adequately plead that Officer Pittman's own actions violated the Constitution. *Iqbal*, 556 U.S. at

5

676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Plaintiff makes two allegations against Officer Pittman: (1) he failed to provide Plaintiff with toilet paper, and (2) he subjected Plaintiff to an improper use of force [Doc. 2 p. 4].

### i) Use of Force

To adequately allege that Officer Pittman's use of force against Plaintiff violated the Fourteenth Amendment, Plaintiff must set forth facts that allow the Court to plausibly infer "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). "The reasonableness of the force turns on the facts and circumstances of the particular case, and '[a] court must make this determination from the perspective of a reasonable [official] on the scene, including what the [official] knew at the time, not with the 20/20 vision of hindsight.'" *Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023) (citing *Kingsley*, 576 U.S. at 397). Factors that "bear on the reasonableness or unreasonableness of the force used," *Kingsley*, 576 U.S. at 397, include the following:

> [T]the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Howell*, 67 F.4th at 320 (quoting *Kingsley*, 576 U.S. at 397).

Here, Plaintiff does not offer any facts about the amount of force Officer Pittman used or its duration, Plaintiff does not allege that he suffered any injury, and he offers no facts about whether his own conduct was in accordance with facility policies and rules. Thus, Plaintiff has not alleged that Officer Pittman's conduct was anything other than a de minimis use of force, which does not implicate constitutional protections. *See Wilkins v. Gaddy*, 559 U.S. 34, 37–38

6

(2010) (noting that "a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim" (quoting *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992))). Accordingly, the facts presented by Plaintiff do not permit the plausible inference that Officer Pittman's use of force was objectively unreasonable, and this claim will be **DISMISSED**.

### ii) Toilet Paper

Plaintiff also contends that Officer Pittman failed to give him toilet paper on at least two occasions [Doc. 2 p. 4]. The Court construes this allegation as a conditions-of-confinement claim. Such claims that are "highly fact-specific[.]" *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017). The Sixth Circuit has held:

> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

As to the first element, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Rather, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" will establish a cognizable conditions-of-confinement claim. *Hudson*, 503 U.S. at 8–9 (citations and internal quotation marks omitted). The "length of exposure to the conditions is often paramount." *Lamb*, 677 F. App'x at 209 (citation omitted); *see also Hutto v. Finney*, 437 U.S. 678, 686–87 (1978) ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."). As to the second element, a defendant demonstrates deliberate indifference to a pretrial detainee by acting

7

"deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 836).

The Court resolves Plaintiff's conditions-of-confinement claims on the first element. Plaintiff alleges only that Officer Pittman twice failed to provide him with toilet paper. And "the failure to provide a prisoner with an adequate supply of toilet paper does not create a violation of constitutional magnitude." *Citro v. Zeek*, 544 F.Supp.829 (W.D.N.Y. 1982) (dismissing as frivolous the claim that an inmate was denied additional toilet paper rolls upon request); *see also Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (finding no constitutional violation where inmate alleged "no toilet paper, soap, toothpaste, toothbrush, running water, or the ability to shower for six days"); *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation."); *McElrath v. City of Cleveland*, No.1:16-CV-2907, 2017 WL 3189477, at *7 (N.D. Ohio July 26, 2017) (finding "filthy showers and restrooms, lack of toilet paper and clean clothes" do not rise to the level of a constitutional violation); *Hunter v. Helton*, No. 1:10-CV-00021, 2010 WL 2405092, at *8 (M.D. Tenn. June 10, 2010) (dismissing claim because deprivation was only temporary where the prisoner alleged that he received only one roll of toilet paper per week and had to use his clothes to wipe when he ran out). Thus, the Court finds that the facts alleged do not permit the inference that Officer Pittman's refusal to provide Plaintiff toilet paper was, by nature and duration, "punishment" or "objectively, sufficiently serious" in the constitutional sense. *Bell v. Wolfish*, 441 U.S 520, 535 (1979); *Spencer*, 449 F.3d at 728. This claim will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

4. Plaintiff's complaint will be **DISMISSED without prejudice** for failure to state a claim upon which § 1983 relief may be granted; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**